# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALDO JAVIER ZATARAIN-HERNANDEZ,<br><br>             Defendant-Movant,<br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>             Plaintiff-Respondent. | CIV. Case No. 12cv625<br>CRIM. Case No. 10cr3172<br><br>**ORDER RE MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Aldo Zatarain-Hernandez ("Defendant"), proceeding pro se, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons discussed below, Defendant's motion is **DENIED** as to all claims except his claim that his attorney was ineffective in failing to follow his instructions to file an appeal.

## I. BACKGROUND

On August 5, 2010, Defendant and his co-defendant, Lucio Vidal Gastelum-Ruiz, were charged in a two-count indictment with (1) importation of marijuana in violation of 21 U.S.C. §§ 952, 960 and (2) possession of marijuana with intent to distribute in violation of 18 U.S.C. § 841(a)(1).

On November 4, 2010, Defendant pled guilty to the importation charge in Count One without a plea agreement. Defendant acknowledged that his actual sentence would be determined by the sentencing judge and that the judge had the authority to give him up to

the statutory maximum.  (Change of Plea Hr'g Tr. 12-13, ECF No. 48.)   Defendant also acknowledged that if the judge gave him a higher or more severe sentence than he was expecting, he was still bound by his guilty plea.  (Id. at 13.)  The parties agreed that the Government would recommend a third point for acceptance of responsibility, if applicable, and dismiss Count Two at the time of sentencing.  (Id.)

On November 23, 2010, the court accepted Defendant's plea of guilty to Count One.  (ECF No. 25.) At the sentencing hearing on March 22, 2011, the court sentenced Defendant to a term of imprisonment of 37 months and three years of supervised release. (Sentencing Hr'g Tr. 19.)  The court granted sentencing adjustments for safety valve, minor role, and acceptance of responsibility. (Id. at 9.)  The court also granted the Government's motion to dismiss Count Two, possession of marijuana with intent to distribute. (Id. at 23.)

## II. DISCUSSION

Defendant argues that he was denied effective assistance of counsel because his attorney: (1) failed to advise Defendant that his co-defendant had already pled guilty; (2) failed to argue for a minor role adjustment; (3) failed to argue for fast track plea benefits; (4) failed to oppose or object to the government's case; and (5) failed to file an appeal. Defendant also requests an evidentiary hearing.

A.    Ineffective Assistance of Counsel

An ineffective assistance of counsel claim requires a two-step showing: first, Defendant must show that counsel's performance was deficient; and second, Defendant must show that the deficient performance caused him prejudice.  Strickland v. Washington, 466 U.S. 668, 690-92 (1984).  In considering such a claim, there is a "strong presumption that counsel's conduct falls within a wide range of acceptable professional assistance." Id. at 689.  The Court addresses each of Defendant's five claims of ineffective assistance in turn.

//

### 1. Failure to advise Defendant that his co-defendant had already pled guilty

First, Defendant claims that "Defense Counsel hide [sic] from me the fact that my co-defendant had already pleaded guilty," which prevented Defendant from obtaining a departure under the guidelines for acknowledging the crime first. (Def.'s Mot. 5, ECF No. 44.) This claim, however, fails because both Defendant and his co-defendant pled guilty at the same change of plea hearing on November 4, 2010. (See Change of Plea Hr'g Tr. 18-19.) Defendant was present while his co-defendant pled guilty, and therefore Defendant's attorney, John C. Ellis, did not "hide" the fact that his co-defendant pled guilty.

### 2. Failure to argue for a minor role adjustment

Second, Defendant claims that his attorney failed to argue for a minor role adjustment. Specifically, Defendant claims that his attorney failed to object to the Presentence Report before the sentencing hearing, which prejudiced him because his "minor role in participating in the commission of the offense would have had entitled defendant to a more lenient sentence." (Def.'s Mot.11-12.) This claim also fails.

Not only did Mr. Ellis argue for a minor role adjustment, but also the Court actually calculated Defendant's 37-month sentence with a two-level deduction for a minor role. (See Sentencing Hr'g Tr. 7.) Accordingly, the Court finds Mr. Ellis's performance regarding the minor role adjustment was neither deficient nor prejudicial to Defendant.

### 3. Failure to argue for Fast Track Plea benefits

Third, Defendant alleges that his attorney failed to argue for fast track plea benefits. (Def.'s Mot. 5.) This claim also fails. In Defendant's sentencing memorandum, Mr. Ellis urged the court to reduce Defendant's sentence by a four-level departure based on the quick resolution of Defendant's case. (Def.'s Sentencing Mem. 6, ECF No. 30.) Further, during the sentencing hearing, Mr. Ellis again argued that the case's relatively quick resolution warranted a downward departure. (Sentencing Tr. 11.) The court, however, held that it was not a fast track case. (Id. at 16.) Thus, there was no deficient performance nor prejudice.

### 4. Failure to oppose or object to the Government

Fourth, Defendant claims that his attorney failed to oppose or object to the Government's case. Specifically, Defendant claims that "Counsel disregarded the defendants' [sic] needs and wants to have defense counsel to prepare and to filed [sic] an opposition to the government's case." (Def. Mot. 11.)  This claim, however, also fails.

During the change of plea hearing, Defendant acknowledged that by pleading guilty, he was giving up the right to force the Government to prove its case against him beyond a reasonable doubt. (Change of Plea Hr'g Tr. 9-10.)  The court also confirmed that Defendant understood the implications of his guilty plea:

> **The Court**: All right.  Sir, the Government, to establish your guilt, would have to prove the following things, that you intentionally brought marijuana into the United States and you knew it was marijuana or some other prohibited drug.  If you plead guilty to the offense charged, you'll admit each of those elements.  Do you understand that?
>
> **Defendant**: Yes.

(Id. at 10-11.)

Further, Mr. Ellis did in fact make various objections.  Mr. Ellis filed an Objection to the Presentence Report, in which he objected to the probation officer's failure to recommend a downward adjustment for minor role, the recommended term of supervised release, the characterization of Defendant's statement of the offense, and a mistake in Defendant's name. (Def.'s Objection to the Presentence Rep. 2-3, ECF No. 29.)  During the sentencing hearing, Mr. Ellis reiterated his objections and also expressly objected to Defendant's sentence.  Specifically, Mr. Ellis stated, "Because he has retained his right to appeal there might be an appeal in this case, and because the Ninth Circuit has so instructed, I should object at this time to the imposition of the sentence as unreasonable." (Sentencing Hr'g Tr. 22.)  Because Defendant has not showed that Mr. Ellis's performance was deficient or prejudiced him, this claim is also denied.

//

5.  <u>Failure to file an Appeal</u>

Finally, Defendant claims that he instructed his attorney to file an appeal, but none was filed. (Def.'s Mot. 4.) Under <u>United States v. Sandoval-Lopez</u>, 409 F.3d 1193, 1197 (9th Cir. 2005), where a defendant has requested his counsel to file an appeal and none was filed, the defendant is entitled to reimposition of the sentence and a new opportunity to appeal, even in the absence of a showing of any possible meritorious issues that can be argued on appeal. This case is materially indistinguishable from <u>Sandoval-Lopez</u>. Therefore, Defendant is entitled to an evidentiary hearing at which he, his counsel, and any other witnesses can testify as to whether Defendant requested his attorney to appeal. If the court finds that Defendant did request that an appeal be filed, then the remedy is for the court to reimpose the sentence, restart the time to appeal, and appoint counsel to represent Defendant on appeal. <u>See</u> <u>id.</u> at 1198. If, however, the Government wishes to waive the evidentiary hearing and stipulate to reimposition of sentence, then the court will reenter the sentence, and Defendant can appeal. <u>See</u> <u>id.</u> The Government shall notify the Court in writing as to which course it wishes to follow by October 22, 2012.

B.   <u>Evidentiary Hearing</u>

Defendant alleges that he is entitled to an evidentiary hearing. (Def.'s Mot. 14.) The Court is not required to hold an evidentiary hearing when ruling on § 2255 motions. 28 U.S.C. § 2255; <u>Shah v. United States</u>, 878 F.2d 1156, 1159-60 (9th Cir. 1989). Section 2255 allows courts to forego such a hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; <u>United States v. Racich</u>, 35 F. Supp. 2d 1206, 1221 (S.D. Cal. 1990). In this matter, the Court finds an evidentiary hearing is not required as to any issue other than counsel's failure to appeal because the parties' submissions and the records conclusively show that Defendant is entitled to no relief. Defendant, however, is entitled to an evidentiary hearing on the failure to appeal issue.

//

### III. CONCLUSION

Defendant has not shown that his attorney's performance was either deficient or prejudicial on any of his claims other than failure to file an appeal and therefore has not stated a claim for ineffective assistance of counsel. Accordingly, the Court **DENIES** Defendant's motion to vacate, set aside, or correct his sentence on all the claims other than failure to appeal. The only remaining issue is Defendant's claim for ineffective assistance of counsel for failing to appeal. The Government shall respond in writing by **October 22, 2012** as to whether it wishes to go forward with an evidentiary hearing or to waive the evidentiary hearing and stipulate to reimposition of sentence, so that the court will reenter the sentence and Defendant can appeal..

**IT IS SO ORDERED.**

Dated: October 10, 2012

**HONORABLE BARRY TED MOSKOWITZ**
United States District Judge